## MADISON COUNTRY CLUB
### vs.
## RALPH J. BUELL, ET AL.

Superior Court      New Haven County        File #42097

Present:   Hon. ALFRED C. BALDWIN, Judge.

Holden, Gill & Flynn,            Attorneys for the Plaintiff.

Herbert L. Emanuelson,           Attorney for the Defendants.

### MEMORANDUM FILED FEBRUARY 3, 1936.

BALDWIN, J.   This is an action to quiet and settle title
to a tract of land which title came by mesne conveyances from
the named defendant to The Madison Club Realty Company,
a corporation, which has been substituted as party plaintiff in
lieu of the plaintiff named.

The tract to which plaintiff claims ownership in fee simple
and to be in possession of, is described in the complaint.   It
is located in the Town of Madison and consists of forty-nine
acres of land, more or less.   The title to this tract came to
the plaintiff by warranty deed dated November 25, 1918, the
grantor therein receiving title by warranty deed of the same
date from the named defendant whose title came by certificate
of devise, issued by the Probate Court of the District of
Madison under date of September 23, 1911, in which court
the Estate of J. Sherman Buell, who was the father of Ralph
J. Buell, was in settlement.

Of the land above referred to title to only a small area is
in question; this area is in the southerly part and is bounded
southerly upon Long Island Sound.

The defendant named disclaims any right, title or interest
in the area in question.   The defendant Gertrude Frances
Decker claims title by virtue of a warranty deed from the
defendant Ralph J. Buell, dated January 3, 1933, in which
deed the land to which the title in dispute is described as
follows:

"A certain piece or parcel of land situated in said Town

of Madison and shown on a map of property of Ralph J. Buell, on file in the office of the Town Clerk of said Town of Madison, being bounded as follows: **Northerly,** by land of the Madison Country Club, 141 feet, more or less; **Easterly,** by land of Arthur T. Scott, 125 feet more or less; **Southerly,** by Long Island Sound; **Westerly,** by land of the Madison County Club, 120 feet, more or less. Together with all rights of way appurtenant to the above described property, including the right of way over the course known as the Old Tota Road."

The condition which gives cause for this controversy is found in the term "sea beach" used in describing a boundary in the deed to the plaintiff. The same term is used in some of the preceding conveyances of the title.

The plaintiff claims that the term "sea beach" as used in the deed conveying the land to it means mean high water mark of Long Island Sound and that the boundary thus described is the same as the defendant Gertrude Frances Decker claims as her southerly boundary, while the defendants claim that the boundary described as "sea beach" is inland 125 feet more or less from the mean high water mark and is the same boundary as claimed by Gertrude Frances Decker as her northerly boundary.

J. Sherman Buell, the father of both of these defendants, had the title and was in possession of all of the land in question including the small area in controversy from 1888 to the time of his death in 1910, and probably for a period of eighteen or twenty years prior to 1888, and the defendant Ralph J. Buell had the title and was in possession of the same until the time he conveyed to plaintiff's grantor, November 25, 1918.

In 1919, the defendant Buel in his tax list, returned to the assessors for the Town of Madison, included no real estate whatever, and thereafter, until 1931, the land in controversy was not included in any tax list returned by him. In that year he included the land in controversy. It has been included in the lists of the plaintiff and taxed as "shore front property" since plaintiff acquired the land in November, 1918.

In connection with plaintiff's claim for a judgment determining the questions and disputed and quieting and settling the title to the premises it asks for a construction of its deed,

meaning thereby a construction of the term "sea beach", since this controversy revolves only around that term. In other words, is the boundary described as "sea beach" the mean high water mark as claimed by plaintiff, or, is it one hundred and twenty-five feet, more or less, inland from the mean high water mark as claimed by the defendants?

"The term 'beach' is synonymous with 'shore' or 'strand', and is defined as the shore of the sea, or of a lake, which is washed by tidewaters and waves; the strip of land between high and low water mark; the coast." 7 C.J., page 1016.

"The word beach must be deemed to be land, washed by the sea and its waves." **Littlefield vs. Littlefield, 28 Me. 180, 184.**

"The word beach denotes land washed by the sea, and in the absence of qualifying words, a boundary by the ocean beach extends to high water mark." **McRoberts vs. Bergman, 132 N.Y. 73, 83,-30 N.E. 261.**

"The beach of the sea 'cannot be considered as including any ground always covered by the sea; for then it would have no definite limit on the sea-board. Neither can it include any part of the land for the same reason. It denotes land washed by the sea." **East Hampton vs. Kirk, 68 N.Y. 459.**

"The term 'beach' . . . . when used with reference to places anywhere in the vicinity of the sea, or arms of the sea . . . . (has) a fixed definite meaning, comprising the territory lying between the lines of high water and low water over which the tide ebbs and flows." **Doane vs. Willantt, 5 Gray (Mass)., 328, 335.**

Reference to Bouvier's Law Dictionary for a definition of the word "beach" we are directed to "See Foreshore; Sea-Shore."

"Foreshore" is defined as:

"That part of the land immediately in front of the shore; the part of it which is between high and low water marks, and alternately covered with water and left dry by the flux and reflux of the tides."

"Sea-shore" is defined as:

"That space of land on the border of the sea which is alternately covered and left dry by the rising and the falling of the tide; or, in other words, that space of land between high and low water mark."

The term "sea beach" as used in the warranty deed of Ralph J. Buell to Archer J. Smith, dated November 25, 1918, recorded in Madison Land Records, Vol. 35 at page 400, and as used in warranty deed from Archer J. Smith to the plaintiff, dated November 25, 1918, recorded in Madison Land Records, Vol. 38 at page 26, meant mean high water mark of Long Island Sound, and when defendant Ralph J. Buell conveyed to the defendant Gertrude Frances Decker by warranty deed dated January 3, 1933, which deed is recorded in Madison Land Records, Vol. 52 at page 193, he did not own or have the title to, nor did he have the possession of, the land therein described, he having included that land in his deed to Archer J. Smith who had conveyed it to the plaintiff.

Judgment may be entered quieting and settling the title to the land described in the deed from the defendant Buell to the defendant Decker, herein referred to, in the plaintiff, The Madison Club Realty Company.